-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE: THOMAS T. LEE,

              DECISION AND ORDER
              14-mc-44S

         Petitioner.

---

      Petitioner, Thomas T. Lee, a *pro se* litigant who, along with the "Lee Family Wealth Trust," has been barred from filing in this Court (1) any future (new) or additional actions of any type related to bonds[1] at issue in four prior actions[2] before the court, and (2) any future (new) or additional actions unrelated to the bonds at issue in the prior four actions "without first obtaining written permission from the Court." (*Lee v. Corbat, et al.*, 12-CV-1034A, Decision and Order, at 20-21 ("Sanctions Order").)

      The Sanctions Order completely bars Petitioner and the Lee Family Wealth Trust from seeking permission to file or filing any future actions related to the bonds at issue in the four previous actions. For unrelated actions, the Sanctions Order requires that Petitioner file a separate written request for permission to file a new action that (1) acknowledges that Petitioner had been barred from filing any future actions without permission, and (2) requests permission to file a new action notwithstanding the prohibition against future filings.

---

[1] The bonds at issue, which Petitioner claims were issued in China in the 1930s to the "Lee Family," have been described as "a 1931 US $599 m Federal Reserve Gold Note Redemption: 17,726 m (Principle & Interest)," and a "1935 US $10 m Gold Bond Redemption: $354 m (Principle & Interest)." (*Lee v. Corbat, et al.*, 12-CV-1034A, Docket No. 1, Complaint, and Notice of Motion Attached to Complaint; Docket No. 12, Decision and Order, at 1.)

[2] The four prior actions are: *Lee v. Pandit, et al.*, 11-CV-0954A; *Lee v. Pandit, et al.*, 11-CV-1086A; *Lee v. Citibank and Employees, et al.*, 12-CV-0566A; and *Lee v. Corbat, et al.*, 12-CV-1034A.

On June 9, 2014, Petitioner filed a Request for Permission to File a New Action (Docket No. 1) against United States District Judge Richard J. Arcara, the District Judge assigned to Petitioner's four prior actions. (*Id.*) Petitioner also filed a notice of motion, a proposed complaint, an affirmation in support, and an exhibit entitled "Definition of Fraud Upon the Courts." (*Id.*)

The form Request for Permission to File a New Action acknowledges that Petitioner is barred from filing any future actions in this Court without first obtaining permission. It further states that Petitioner is seeking permission to file a new action because Judge Arcara "committed the Fraud upon the Court for sending the fabricated and forged Notice of Electronic Filing on Order on Motion 1;13-mc-0999 dated June 5, 2014." (*Id.*) The proposed complaint alleges the same and seeks $1,000,000 "to compensate for the delay of funds to be recovered from Citibank."

Even assuming *arguendo* that the proposed complaint is not completely barred as being related to the bonds at issue in the prior actions, this Court finds that the complaint is wholly frivolous and brought only to annoy and harass the court. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (frivolous)*; Mireles v. Waco*, 502 U.S. 9 (1991) (judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities). Permission to file the proposed complaint is therefore denied.

Petitioner is cautioned that if he attempts to file any future actions of any type that are frivolous, abusive, malicious or intended to annoy or harass the court, he will be immediately barred from filing any future actions of any kind in this court, whether related

to the previous four actions or not, and the Office of the Clerk will be instructed not to accept anything from him for filing.  Accordingly,

IT HEREBY IS ORDERED, that Petitioner's Request for Permission to File a New Action (Docket No. 1) is DENIED with prejudice.

FURTHER, that Petitioner (and anyone on his behalf) must cease and desist from submitting letters, faxes, and stray documents to the court.[3]

FURTHER, that the Clerk is directed to CLOSE this case.

SO ORDERED.

Dated:	June 16, 2014
	Buffalo, New York

                                                       s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                          Chief Judge
                                                United States District Court

---

[3]This Court notes that when Petitioner filed the instant Request for Permission to File a New Action at the Office of the Clerk of Court, he attempted to submit a check for the filing and administrative fees.  That check was not accepted, however, because Petitioner had not been granted permission to file a new action. Undaunted, Petitioner then mailed the check to the Clerk of Court who returned it to him.
    This was not the first time Petitioner refused to comply with the instructions of the Office of the Clerk with respect to filing procedures.  Several months before filing the instant request, Petitioner attempted to file an action related to the bonds at issue in the four previous actions, which was clearly and completely barred by the Sanctions Order.  The Office of the Clerk advised Petitioner that he could not file such an action and it refused to file the complaint.  In response, Petitioner simply left his papers and a check for the filing fee in the Clerk's Office. The Office of the Clerk returned Petitioner's papers and check to him, pursuant to Judge Arcara's Order.  (12-CV-1034A, Docket No. 19, Text Order.)  This Text Order is the "Notice of Electronic Filing" that is the basis of the complaint against Judge Arcara that Lee seeks to file with the Court at this time.
    Petitioner is again admonished that he must strictly follow the instructions of the court and the Office of the Clerk if he attempts to submit or file anything further.